# UNITED STATES DISTRICT COURT
for the

Western District of Arkansas ▼

FILED
US DISTRICT COURT
WESTERN DIST ARKANSAS
NOV 17 2022
By _____ JAMIE GIANT, Clerk
Deputy Clerk

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched)* | ) |
| INORMATION ASSOCIATED WITH THE CELLULAR | )   Case No. 5:22 CM 63 |
| DEVICE ASSIGNED WITH CALL NUMBER (469) | ) |
| 996-8595 THAT IS IN THE CUSTODY OR CONTROL | ) |
| OF T-MOBILE | ) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A: This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  November 30 2022 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Hon. Christy Comstock, U.S. Magistrate Judge___.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  11-17-22 @ 10:54 AM        _Christy Comstock_
                                                                                              *Judge's signature*

City and state:  Fayetteville, Arkansas        Hon. Christy Comstock, U.S. Magistrate Judge
                                                                               *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (469) 996-8595, with listed subscriber(s) Karla Osorio (the "Target Cell Phone"), whose wireless service provider is T-MOBILE, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-MOBILE, including information about the location of the cellular telephone if it is subsequently assigned a different call number or unique identifier.

## ATTACHMENT B

### Particular Things to be Seized

I.  Information to be Disclosed by the Provider

To the extent that the information described in Attachment A and B is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

  a. The following information about the customers or subscribers associated with the Target Cell Phone for the time period from 45 days before the date of the issuance of the warrant/order to the present;

     i. Names (including subscriber names, user names, and screen names);

     ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

     iii. Local and long distance telephone, short message service ("SMS"), multimedia message service ("MMS"), email (as associated with the SMS or MMS exchanges), and mobile data session connection records;

     iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

     v. Length of service (including start date) and types of service utilized;

     vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

ix. Upon a written request from an agent of the United States Marshals Service, made during the 45-day period authorized by this warrant/order, the subscriber records and no more than 30 days of historical transactional session data records (calculated from the date of the written request and excluding cell-site location information) for specified third-party contacts identified from the disclosure of the historical session records for, or pursuant to the pen-trap on, the Target Cell Phone that is authorized herein.

x. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(B) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received)

b. Dialing, routing, addressing, and signaling information associated with each communication to and from the Target Cell Phone for a period of 45 days from the date of this order, including the following, without geographic limit, provided as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the United States Marshals Service, for the duration of the order:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account;

iv. Wire and electronic signaling information, to include mobile data, but not the contents of any communication;

v. Date, time, and duration of communication; and

vi. All data about the cell towers *(i.e.,* antenna towers covering specific geographic areas) and sectors *(i.e.,* faces of the towers) to which the Target Cell Phone connects at the beginning and end of each communication

c. All information about the location of the Target Cell Phone described in Attachment A for a period of 45 days from the date of this warrant, provided as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the United States Marshals Service, for the duration of the warrant, without geographic limit. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (*i.e.*, antenna towers covering specific geographic areas) and "sectors" *(i.e.,* faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

   i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-MOBILE, T-MOBILE is required to disclose the Location Information to the government. In addition, T-MOBILE must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information, and provision of the pen register and trap and trace data and prospective cell-site location information, unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the Target Cell Phone on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

d. The Provider shall provide prior notice to the United States Marshals Service, Federal Bureau of Investigation, and Applicant/Affiant before terminating or changing service to the Target Cell Phone.

IT IS FURTHER ORDERED pursuant to 18 U.S.C. § 3123(d)(2), that the Provider and any other person or entity whose assistance facilitates execution of the pen-trap order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the pen-trap portion of the order, the existence of the pen-trap, or the investigation to any person, unless and until otherwise ordered by the Court, except that the Provider may disclose the order to an attorney for the Provider for the purpose of receiving legal advice.

II. Information to be Seized by the Government

All information described above in Section I that will assist in arresting BOYLES, who was charged with violating Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B)(ii)(II) and 846 on September 21, 2022, is the subject of an arrest warrant issued on September 21, 2022 by the United States District Court for the Western District of Arkansas and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4). This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.